UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>　v.<br>OSCAR PADILLA,<br>　　　　　Defendant. | Case No. 25-mj-71450-MAG-1 (VKD)<br><br>**ORDER OF DETENTION PENDING HEARING ON SUPERVISED RELEASE VIOLATION** |

　　　The United States moves for detention of defendant Oscar Padilla, pending a hearing before a district judge regarding revocation of his supervised release, based on a petition and arrest warrant issued in the District of Utah. Dkt. No. 1.

　　　The Court's authority to detain or release defendant in these circumstances is governed by the Bail Reform Act, 18 U.S.C. §§ 3142, 3143(a), and Federal Rule of Criminal Procedure 32.1. *See United States v. Loya*, 23 F.3d 1529, 1531 (9th Cir. 1994); *accord United States v. Diaz*, No. 18-cr-00057-MMD-CSD-4, 2025 WL 1470844 (D. Nev. May 22, 2025). The Court held a detention hearing on December 4, 2025. Mr. Padilla was represented by counsel during the hearing.

　　　Having considered the factors set forth in 18 U.S.C. § 3142(g), the matters in the petition, and the proffers of counsel for Mr. Padilla and for the United States, the Court concludes that Mr. Padilla has not met his burden to show by clear and convincing evidence that he is not a danger to others and the community and that he will appear for his revocation hearing if released. Fed. R. Crim. P. 32.1(a)(6).

　　　Mr. Padilla was convicted in the District of Utah of carjacking, in violation of 18 U.S.C.

1  § 2119, for which he was sentenced to a term of 42 months in prison, followed by 36 months of

2  supervised release.  Dkt. No. 1.  In the present matter, Mr. Padilla is charged with violating the

3  terms of his supervised release.  Specifically, on September 9, 2024, shortly after his release from

4  custody, he is alleged to have physically assaulted a victim with spina bifida while attempting to

5  steal from the victim.  During the course of the assault, Mr. Padilla is alleged to have possessed

6  and used a knife in addition to punching and kicking the victim.  Dkt. No. 1.

7  At the detention hearing on December 4, 2025, the government advised that Mr. Padilla

8  has an extensive criminal history that includes convictions for drug offenses, acts of violence,

9  sexual battery, and numerous probation and parole violations.  According to the government, Mr.

10  Padilla frequently targets women, as he did in the underlying offense for which he was convicted

11  and sentenced.

12  Mr. Padilla argued that he is not a danger or a flight risk.  He advised that although he was

13  unhoused following his release from custody, he reported as required to a Probation Officer in this

14  District.  Mr. Padilla notes that the charges described in the supervised release violation petition

15  have been resolved and he has since been released from state custody on those charges, suggesting

16  that he does not in fact pose a danger to the community at this time.  Mr. Padilla does not dispute

17  that he has an extensive criminal history, as described by the government, including probation and

18  parole violations.  As he remains unhoused, he proposes to reside in a homeless shelter pending

19  further proceedings in this matter.

20  The Probation Office recommends that Mr. Padilla be detained as a danger and a flight

21  risk.

22  The Court finds that Mr. Padilla has failed to show by clear and convincing evidence that

23  he is not a danger to others and the community and that he will appear for his revocation hearing if

24  released.  Specifically, Mr. Padilla has not made any showing, or proposed any conditions,

25  addressing his lengthy history of convictions for violent behavior and his prior failures to comply

26  with conditions of parole or supervision.  Nor has Mr. Padilla proposed any conditions to mitigate

27  the risk that he will not appear for Court as required, particularly given his unstable housing.

28  Accordingly, Mr. Padilla is committed to the custody of the Attorney General or his

designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Mr. Padilla shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on the request of an attorney for the United States, the person in charge of the corrections facility shall deliver Mr. Padilla to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

Dated: December 4, 2025

*Virginia K. DeMarchi*
Virginia K. DeMarchi
United States Magistrate Judge

3